UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

PRINCE BROWN, ARTHUR DOWLING, DAVID
PETERSON, HASSAN RAMKISSOON,
ARMANDO SWABY,

**MEMORANDUM & ORDER**

09 CV 1809 (RJD) (MG)

Plaintiffs,

-against-

THE CITY OF NEW YORK, DETECTIVE
MICHAEL EGAN, POLICE OFFICER
SARA GOLLOP, POLICE OFFICERS
JANE/JOHN DOES,

Defendants.

-------------------------------------------------------------X

DEARIE, Chief Judge.

On September 15, 2008, plaintiff Prince Brown was arrested by the New York City

Police Department on suspicion of committing an armed robbery that had occurred a few days

earlier. In an effort to apprehend Brown's suspected partners in the robbery, Detective Michael

Egan placed an alarm on what he believed was the getaway vehicle. The vehicle was registered

to Brown and owned by plaintiff David Peterson. The parties agree that due to outdated

computer technology the alarm Detective Egan placed on the vehicle also triggered a stolen car

report. Brown and Peterson allege that because of the stolen car report, title to their vehicle was

"clouded" and they were unable to sell it. They also allege that because of the stolen car report,

police officers illegally stopped the vehicle on several occasions, removed them and their

passengers at gunpoint and arrested them without probable cause.

On March 27, 2009, the criminal case against Brown was dropped and on April 15, 2009,

Detective Egan requested that the alarm he placed on Brown's vehicle be removed. Plaintiffs

1

state that an employee of the New York State Department of Motor Vehicles confirmed that the alarm and stolen car report have been removed from the vehicle.

On April 30, 2009, plaintiffs commenced this action against defendants City of New York (the "City"), Detective Egan, Police Officer Sara Gollop and several unnamed officers seeking, among other things, monetary damages pursuant to 42 U.S.C. § 1983 for false arrest and excessive force in connection with the illegal stops and subsequent arrests. Plaintiffs also seek a preliminary injunction directing the City to remove the alarm and stolen car report from Brown's vehicle, to keep them removed throughout the pendency of the litigation, and to prohibit the N.Y.P.D. from "acting" on any stolen car report. This decision only addresses plaintiffs' pending preliminary injunction motion. Because the alarm and stolen car report have been removed from Brown's vehicle, the Court finds that plaintiffs' allegations of imminent harm are likely moot or in any event too speculative to justify injunctive relief and their motion is denied.

DISCUSSION

"[A] party seeking a preliminary injunction must establish that it will suffer irreparable harm in the absence of an injunction and demonstrate either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor." Espinal v. Goord, 180 F. Supp. 2d 532, 536 (S.D.N.Y. 2002) (quoting Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996)). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Stokely-Van Camp, Inc. v. Coca-Cola Co., 646 F. Supp. 2d 510, 530 (S.D.N.Y. 2009) (quoting Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990)). Thus, the moving party must establish "that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual

and imminent." Id. (quoting Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d

Cir. 2007)). "In doing this, he 'cannot rely on past injury to satisfy the injury requirement but

must show a likelihood that he . . . will be injured in the future.'" Shain v. Ellison, 356 F.3d 211,

215 (2d Cir. 2004) (quoting Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir.

1998)).

Defendants argue that plaintiffs' motion must be dismissed as moot because the alarm

and stolen car report have been removed from Brown's vehicle and therefore plaintiffs cannot

establish that they will suffer imminent irreparable harm in the event the injunction is not issued.

In response, plaintiffs argue that notwithstanding the removal of the alarm and stolen car report

their motion for injunctive relief is not moot because "although the chances that Plaintiffs will be

unable to sell or transfer title of the vehicle, or that they and/or their associates will be stopped at

gunpoint, are reduced now that the vehicle's title is apparently clear, there is no guarantee that

the police will not, once again, report it as stolen without request or cause." Thus, they argue

that they are "entitled to an injunction in order to protect themselves and occupants of the vehicle

from any likely future harm."

Plaintiffs' allegations fall well short of raising any inference that plaintiffs will suffer

imminent harm. Indeed, because the alarm and stolen car report have been removed, the risk of

harm that plaintiffs now face is not merely "reduced" as plaintiffs concede but under the present

circumstances seemingly non-existent. Plaintiffs do not complain that a stolen car report had

been placed on the vehicle at any time prior to Brown's arrest in 2008 or that a stolen car report

has been placed back on the vehicle during the pendency of their motion. And they provide no

support for their contention that it is likely that the N.Y.P.D. will again place some sort of alert

on the vehicle. Rather, plaintiffs' allegations that they will suffer "likely future harm" amount to

no more than a speculative apprehension that *if* they are arrested or suspected of a crime, and *if* the crime involved the use of Brown's vehicle, and *if* the N.Y.P.D. decided to place an alarm and stolen car report on the vehicle, and *if* plaintiffs are pulled over by the police or desire to sell their vehicle while the alarm and stolen car report are placed on the vehicle, then they will be harmed. The Court finds that "[s]uch an accumulation of inferences is simply too speculative and conjectural to supply a predicate for prospective injunctive relief." Shain, 356 F.3d at 216 (reversing district court's grant of preliminary injunction where plaintiff's allegations of harm were based on nothing more than speculation and conjecture of likelihood of his future encounter with police); see also Curtis v. City of New Haven, 726 F.2d 65, 68 (2d Cir. 1984) (reversing district court's grant of injunctive relief where plaintiffs failed to sufficiently allege that the police behavior complained of was likely to be repeated as to plaintiffs). Finally, plaintiffs' argument that even if they have failed to sufficiently allege that they are likely to suffer future harm the Court can still enjoin the City from continuing its purported official policy of reporting the vehicle as stolen and acting on it (Opp. Br. at 2-3) was expressly rejected by the Second Circuit in Shain. See Shain, 356 F.3d at 216 ("Here, Shain has failed to demonstrate a likelihood of future harm and therefore, even if he was subjected to an official policy, he lacks standing to seek injunctive relief.").

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for a preliminary injunction is denied.

SO ORDERED.

Dated: Brooklyn, New York
      January 8, 2010                s/ Judge Raymond J. Dearie

                                RAYMOND J. DEARIE
                                United States District Judge